# In the United States Bankruptcy Court for the Southern District of Georgia
## Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By dreese at 2:23 pm, Mar 26, 2014

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 13 Case |
| JERRY BYRD and AUDREY BYRD, ) | |
| ) | Number 13-40982 |
| Debtors. ) | |

## OPINION AND ORDER RULING ON GEMINI CAPITAL GROUP, LLC'S MOTION TO RECONSIDER

Gemini Capital Group, LLC ("Gemini"), through its Motion to Reconsider ("Motion") (dckt. 43), seeks an order vacating the Order to Stop Garnishment (dckt. 24) issued by the Court on July 9, 2013. For the reasons stated below, the Motion is DENIED.

## FINDINGS OF FACT

The debtors filed their chapter 13 petition on June 3, 2013. (Dckt. 1.) On July 8, 2013, the debtors filed their amended Schedule D, which listed Gemini as a secured creditor with a claim of $4,966.43 and referenced a default judgment obtained in the Magistrate Court of Chatham County, Georgia. (Dckt. 21, at 2.) That same day, the debtors filed correspondence with the Clerk of the Bankruptcy Court, requesting that a "stop levy order" be issued (dckt. 22), and on July 9, 2013, the Court issued an Order to Stop Garnishment (dckt. 24), which was served on Gemini on July 11, 2013 as reflected in the Certificate of Mailing (dckt. 26).

AO 72A
(Rev. 8/82)

Prior to the debtors filing for bankruptcy, Gemini obtained a judgment against one of the joint debtors, Audrey S. Byrd (who was then known as Audrey Singleton), on May 17, 2011 in Chatham County Magistrate Court under case number MGCV1101619. (Gemini's Br., dckt. 43, at 2.) According to its brief, Gemini filed three garnishment actions to enforcement its judgment and collected the following sums:

Garnishment 11G41150M - $2,069.47 (Received 9/23/2011 to 3/12/2012)
Garnishment 12G47051M - $2,119.03 (Received 6/11/2012 to 11/21/2012)
Garnishment 13G054121M - $168.30 (Received on April 22, 2013)

(Dckt. 43, at 3.)

On September 3, 2013, Gemini filed its motion to reconsider the Court's Order to Stop Garnishment, making three main arguments: (1) the order is ambiguous; (2) the order is "potentially a violation of Gemini's constitutional due process rights;" and (3) none of the funds at issue are property of the estate. (Dckt. 43.)

On September 27, 2013, Gemini filed an unsecured claim in the amount of $1,229.34. (Claims Register 25-2, at 1.) A copy of the writ of fieri facias filed in the lien book of the Superior Court of Chatham County is attached to its Proof Claim and shows its judgment in the amount of $4,966.43. (Claims Register 25-2, at 4.)

No other party in interest has responded to the Motion, and it is unclear whether Gemini remitted any funds to the trustee in this case in response to the Order to Stop Garnishment.

## CONCLUSIONS OF LAW

This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court has jurisdiction pursuant to 28 U.S.C. § 1334.

The filing of a bankruptcy petition creates an automatic stay, stopping "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under [the Bankruptcy Code]." 11 U.S.C. § 362(a)(2). Section 542 requires an entity, other than a custodian as defined in § 101(11) of the Bankruptcy Code, to deliver any property in its possession, custody, or control to the trustee that the trustee may use, sell, or lease under § 363 or the that the debtor may exempt under § 522.[1] 11 U.S.C. § 542(a).

After receiving notice of a bankruptcy filing, a creditor has the affirmative duty to dismiss a garnishment proceeding. *Lord v. Carragher (In re Lord)*, 270 B.R. 787, 793 (Bankr. M.D. Ga. 1998). The automatic stay is violated by a creditor's refusal to turn over funds that are garnished postpetition. *See id.* at 795. Section 105 provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Therefore, pursuant to § 105(a), the Court is authorized to issue stop garnishment orders (such as the one issued in

---

[1] Unless otherwise specified, all statutory references in this Order are to title 11 of the United States Code ("Bankruptcy Code").

3

this case) without the necessity of a hearing[2] to help carry out the provisions of § 542. *See* 11 U.S.C. §§ 105(a), 542(a); *Yearby v. Shekastehband (In re Yearby)*, No. 12-01004, 2013 WL 6155018, at *2 (Bankr. S.D. Ga. Nov. 22, 2013).

The Order to Stop Garnishment (dckt. 24) issued by the Court in this case reads in relevant part as follows:

> **TO:** Department of Juvenile Justice
> . . . .
>
> **TO:** Gemini Capital Group, LLC
> . . . .
>
> **TO:** Magistrate Court of Chatham County
> . . . .
>
> The captioned Debtor filed the above-styled case in this Court on **June 3, 2013**. Among the assets in said case are certain monies which were withheld by garnishment directed against **Department of Juvenile Justice**, his/her employer, which garnishment issued out of the **Magistrate Court of Chatham County, Garnishment No. MGCV1101619**, at the instance of **Gemini Capital Group, LLC, c/o Daniel F. Bridgers**.
>
> The filing of this case automatically enjoins and stays the <u>continuation</u> of any action to enforce this garnishment proceeding, and the Debtor's employer is prohibited from making any <u>further</u> deductions from the Debtor's

---

[2] In accordance with Rule 9014 of the Federal Rules of Bankruptcy Procedure, the Court finds that an evidentiary hearing is not required in this contested matter. *See Gonzalez-Ruiz v. Doral Fin. Corp. (In re Gonzalez-Ruiz)*, 341 B.R. 371, 381 (B.A.P. 1st Cir. 2006) ("Where the parties do not request an evidentiary hearing or where the core facts are not disputed, the bankruptcy court is authorized to determine contested matters . . . on the pleadings and arguments of the parties, drawing necessary inferences from the record."); *Wilmington Trust Co. v. AMR Corp. (In re AMR Corp.)*, 490 B.R. 470, 479 (S.D.N.Y. 2013) ("It is unnecessary to conduct an evidentiary hearing on a contested matter unless there are disputed issues of material fact that a Bankruptcy Court cannot decide based on the record.").

earnings due to said garnishment.

ORDERED FURTHER that each of you shall remit immediately to the Trustee,

***O. Byron Meredith III, P.O. Box 116561, Atlanta, GA 30368-6561***

any and all sums already withheld on account of said garnishment proceeding. (Dckt. 24 (emphasis added).)

Gemini incorrectly interprets the Court's order to require the return of prepetition funds obtained by the garnishment proceedings. That is not the purpose or intent of the order. The order clearly refers to the <u>continuation</u> of a garnishment action and to <u>further</u> deductions. The order merely recites what the Bankruptcy Code already provides: an automatic stay pursuant to § 362(a) and an obligation to turn over property of the estate pursuant to § 542(a). The scope of the order, like the automatic stay of § 362(a) itself, is limited to the continuation of the garnishment proceeding and prohibits any further deductions from the debtor's wages.

The Order to Stop Garnishment was issued on July 9, 2013, more than one month after the petition date of June 3, 2013. The language of the order that directs Gemini to "remit immediately to the Trustee . . . any and all sums already withheld on account of said garnishment proceeding" refers only to those funds withheld postpetition (if any), after the imposition of the automatic stay.

If Gemini's alleged facts are correct, it is clear from Gemini's brief that all of the funds it obtained through the garnishment proceedings were received prior to the petition date of June 3, 2013. Accordingly, there is no property of the estate that Gemini is required to remit to the trustee pursuant to the stop garnishment order. Gemini correctly notes that a preference action would be the proper vehicle to recover prepetition garnishment proceeds, and it appears that the funds received in the ninety-day preference period ($168.30) would not meet the requirement of section § 547(c)(8) that a transfer must be more than $600 to be avoidable. 11 U.S.C. § 547(c)(8).

Because the Court interprets its own order in a manner that does not require Gemini to turn over any funds to the trustee, the Motion is DENIED. In the event that Gemini did remit any funds to the trustee based on its interpretation of the order, it may seek the return of those funds by motion.

ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that Gemini's Motion (dckt. 43) is DENIED.

Dated at Savannah, Georgia, this 26th day of March, 2014.

Edward J. Coleman, III
United States Bankruptcy Judge